UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH FRONTIERA,

      Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 2:16-cv-13332
Chief Judge Denise Page Hood
Magistrate Judge Anthony P. Patti

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO § 406(b) OF THE SOCIAL SECURITY ACT (ECF 18)**

**I.  RECOMMENDATION:** This matter is before me for consideration of Plaintiff's motion for attorney fees pursuant to Section 406(b) of the Social Security Act (ECF 18), and Defendant's related response (ECF 20). For the reasons that follow, I recommend that the Court **DENY** Plaintiff's motion.

**II.  REPORT:**

    **A.  Plaintiff's appeal to this Court resulted in remand and an award of Equal Access to Justice Act (EAJA) fees.**

On September 14, 2016, Plaintiff Joseph Frontiera filed a complaint in which he appealed the administrative determination denying his applications for disability insurance (DI) and supplemental security income (SSI) benefits. (ECF

1.)  Defendant Commissioner of Social Security filed an answer and the administrative transcript on January 3, 2017.  (ECFs 11, 12.)

On February 2, 2017, Plaintiff filed a motion for summary judgment or remand, which sought reversal or remand of the previous administrative decision.  (ECF 14.)  On March 1, 2017, Chief Judge Hood entered an order remanding the case under Sentence Four per the parties' stipulation.  (ECF 15.)  That same day, judgment was entered.  (ECF 16.)

Two days later, on March 3, 2017, Chief Judge Hood entered an order, which followed a stipulation for an award of attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, awarding $4,375.00 for attorney fees and expenses under 28 U.S.C. § 2412(d) and $00.00 for costs under 28 U.S.C. § 2412(a).  (ECF 17.)

### B. On remand, the Social Security Administration (SSA) determined that Plaintiff was disabled under the Social Security Act.

On February 5, 2018, the ALJ determined that Plaintiff has been disabled, under the Social Security Act, since June 30, 2013.  (ECF 18-2.)  By a "Notice of Award" dated September 18, 2018 and addressed directly to Plaintiff himself at his home address, he was informed that he was entitled to monthly disability benefits from Social Security beginning December 2013.  (ECF 18-3.)  Notably, the award notice states:  "We are sending a copy of this notice to your representatives."  (*Id.*, Pg. ID. 789.)  By an October 14, 2018 notice, also addressed directly to Plaintiff

and more accurately titled "Important Information," the SSA corrected an omission in the amount of past-due benefits. (ECF 18-7.) This notice likewise states: "We are sending a copy of this notice to your representatives." (*Id.*, Pg. ID. 798.) Thus, Plaintiff's attorney is presumed to have received both award notices at the time they were issued.

### C.   Plaintiff now seeks fees under the Social Security Act for representation before this Court.

By a March 2, 2019 notice, again labeled "Important Information," the SSA informed *Plaintiff's counsel* that it was withholding $21,132.50, *i.e.*, the balance of 25 percent of the past-due benefits payable to Plaintiff, to go toward a fee for services before the Court . (ECF 18-8.) Ten days later, on March 12, 2019, Plaintiff's counsel filed with this Court a motion for attorney fees pursuant to 42 U.S.C. § 406(b) ("Fees for representation before court"). (ECF 18.) In pertinent part, this statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

3

42 U.S.C. § 406(b)(1)(A) (emphasis added).

Plaintiff's counsel contends that "a fee of $10,933.50 is reasonable in accordance with § 406(b) and the applicable case law." (ECF 18 at 3.) However, the Court assumes this amount is a typographical error, as elsewhere Plaintiff's counsel requests $10,840.50. (ECF 18 at 5, 7.)[1] In support of this request, counsel attaches copies of contingent fee contracts. (ECFs 18-4, 18-5.) Counsel recognizes that he "would be required to refund the EAJA fee award" if the instant request is approved. (ECF 18 at 5.)

Chief Judge Hood has referred this motion to me for a report and recommendation, and the Commissioner has filed a response. (ECFs 19, 20.) Plaintiff did not file a reply brief.

**D.  Analysis**

Plaintiff's counsel claims the $10,000 plus fee request is reasonable and alleges to have "expended 25 hours . . . [,]" (ECF 18 at 3-5, 7), while the Commissioner questions the reasonableness of Plaintiff's counsel's request (ECF 20 at 3-4). Nonetheless, the crux of Defendant's argument is that Plaintiff's motion "is

---

[1] This figure appears to be based upon a past-due benefits amount of $82,362.00, 25% of which is $20,590.50, from which the Office of Disability Review and Adjudication authorized Plaintiff's lawyers a total of $9,750.00 in administrative attorney fees "for the work done on [Plaintiff's] behalf before the [SSA]." (ECF 18-7 at 2, DE 18-3 at 4.) The SSA "withheld the balance remaining of $10,840.50 in case the court representative asks the Federal court to approve a fee for the work that was done before the court on [Plaintiff's] behalf." (ECF 18-3 at 4.)

4

untimely and should be denied." (ECF 20 at 1.) In other words, the outcome of this motion rests on two issues: **(1)** timeliness; and, **(2)** waiver or excuse.

### 1. Timeliness

The Commissioner argues that Plaintiff's motion "is untimely and should be denied." (ECF 20 at 1.) E.D. Mich. LR 54.2 requires that, "[a]ttorneys representing clients in social security disability claims under Title II of the Social Security Act who seek District Court approval under 42 U.S.C. § 406 must file and serve a social security fee motion no later than 14 days after entry of judgment or receipt of the social security certificate award (notice of award), whichever is later."[2]

#### a. The September 18, 2018 and October 14, 2018 notices

In Plaintiff's case, the September 18, 2018 (Tuesday) "Notice of Award" post-dates this Court's judgment of remand. "The SSA interprets 'mailing' as the day the person *received* the notice. . . . And because these notices travel by 'snail mail,' the SSA presumes that people receive them five days after the SSA sends them, unless someone can show the SSA Appeals Council otherwise." *Salyer v. Colvin*, No. 16-60-ART, 2016 WL 6990765, at *1 (E.D. Ky. Nov. 28, 2016) (emphasis in original) (citing 20 C.F.R. § 422.210(c)). Therefore, the Court

---

[2] The Sixth Circuit has noted that, "[l]ocal rules, when properly adopted, generally have 'the force of law.'" *Hayes v. Comm'r of Soc. Sec.*, 895 F.3d 449, 453 (6th Cir. July 12, 2018) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)).

assumes that Plaintiff, to whom the "Notice of Award" was addressed, received it no later than Monday, September 24, 2018. Fourteen (14) days thereafter was Monday, October 8, 2018. Thus, Plaintiff's instant March 12, 2019 motion for Section 406(b) attorney fees is 155 days tardy.

Even if the Court worked from the October 14, 2018 (Sunday) document, which was also addressed to Plaintiff, it was presumably received on Friday, October 19, 2018. Fourteen (14) days thereafter was Friday, November 2, 2018, in which case Plaintiff's instant motion is 130 days tardy.

### b.     The March 2, 2019 notice

Plaintiff's counsel notes that the March 2, 2019 document "serves as a *final notice* to collect potential fees owed to the attorney and that Plaintiff's attorney has complied with the notice." (ECF 18 at 7 (emphasis added).) Pertinently, the letter states:

> We are withholding $21,132.50[,] which represents the balance of 25 percent of the past-due benefits payable to Joseph Frontier [sic], as required by sections 206(b) of the Social Security Act. You previously received our notice that a request for a fee for services before the court [is] submitted to the United States District Court for the Eastern District . . . of Michigan.

(ECF 18-8.)

"To reduce unnecessary confusion and duplication of effort, the Court believes that Local Rule 54.2 should be interpreted to provide that a motion for attorney fees is timely when filed within fourteen days of entry of judgment or

6

receipt of a <u>final notice of award</u>, whichever is later." *Acosta v. Comm'r of Soc. Sec.*, No. 14-10212, 2016 WL 8094540, at *3 (E.D. Mich. Nov. 17, 2016) (Morris, M.J.) (emphases added), *report and recommendation adopted*, No. 14-10212, 2017 WL 372000 (E.D. Mich. Jan. 26, 2017) (Edmunds, J.).

Plaintiff's counsel points out that the March 2, 2019 "Important Information" document, *which the Court notes is addressed to counsel*, explains that the SSA "will certify for payment to the claimant all withheld benefits unless you file a petition for approval of a fee within 20 days from the date of this letter, or a written request for an extension of time." (ECF 18 at 6, DE 18-8.) The instant application having been filed on March 12, 2019, Plaintiff's counsel seems to argue that his Section 406(b) request is *timely*.

Unfortunately, Plaintiff's counsel does not provide a developed argument that the March 2, 2019 document, which is labeled "Important Information," is a "final notice of award," as discussed in *Acosta*, nor does the Commissioner elaborate on this issue. (ECF 18 at 7, DE 20 at 2.) As the Court sees it, this was not a "final notice of award," as it only mentions the $21,132.50 being withheld and says nothing about the award, nor was it a communication to Plaintiff. A notice of award informs the Claimant and his representative that Claimant has prevailed and what benefits he should expect to receive. It triggers the right to petition this Court for Section 406(b) fees and establishes a deadline for doing so.

7

In contrast, the March 2, 2019 "Important Notice" was merely a reminder to Plaintiff's counsel that money held back would be released, but it in no way abrogates this Court's own rules and deadlines, which have the "force of law." *Hayes*, 895 F.3d at 453. In fact, the "Important Notice' itself references the SSA's "previous" notice to counsel on this subject.

### c. Summation

Plaintiff's counsel's March 12, 2019 request for Section 406(b) fees is untimely under E.D. Mich. LR 54.2 as to the first two notices, and Plaintiff has not shown that the third notice qualifies as a "final notice of award." *Acosta*, 2016 WL 8094540, *3. For these reasons, Plaintiff's fee request is untimely.

### 2. Equitable tolling

Plaintiff's counsel also argues that equitable tolling should apply. (ECF 18 at 5-7.) This argument suggests an admission that the Section 406(b) fee request is *untimely* and in need of equitable tolling to survive.

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–561 (6th Cir. 2000). When determining whether equitable tolling should apply, the court considers five factors:

> (1) the petitioner's lack of [actual] notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing

8

>  requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing h[er] claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States,* 250 F.3d 1001, 1008 (6th Cir.2001)); *see also, Hayes,* 895 F.3d at 453-454. Plaintiff's counsel, as an attorney admitted to practice before this Court, is required to be familiar with the local rules and to follow them. Actual and constructive notice of the deadlines contained therein are presumed and Plaintiff's counsel "does not argue lack of notice either actual or constructive of the filing requirement." (ECF 18 at 6.) Likewise, it is not reasonable to remain ignorant of the requirements, even if they were not known. Accordingly, only the factors of prejudice and diligence need be further discussed.

### a. Prejudice

Plaintiff's counsel argues that "pursuing fees after the Eastern District's 14-day deadline does not prejudice the defendant at all[,]" and "[i]t does not negatively impact the Social Security Administration when Plaintiff's attorney asks for fees." (ECF 18 at 6-7.) The Commissioner does not dispute this factor, admitting that "the Commissioner is not prejudiced by his untimely filing." (ECF 20 at 3.) The Court likewise sees no prejudice.

### b. Diligence

As for "diligence in pursuing one's rights," the Commissioner correctly responds that Plaintiff "fails to identify what circumstances outside his control prevented him from filing for attorney fees . . . [,]" and "failed to provide any explanation for why he did not timely file his petition[.]"  (ECF 20 at 3.)  Plaintiff did not rebut these arguments by way of a reply.

### c. Summation

Although Plaintiff's counsel and the Commissioner agree that the Commissioner is not prejudiced by the timing of Plaintiff's counsel's fee request, Plaintiff's counsel has not provided an explanation for the approximate 5-6 month delay between the September 18, 2018 "Notice of Award" (or what amounts to an updated figure within the October 14, 2018 "Important Information") and the instant March 12, 2019 fee request.  As such, Plaintiff's counsel has not shown any entitlement to equitable tolling.  *See, e.g., Stevenson v. Comm'r of Soc. Sec.*, No. 11-13003, 2013 WL 5701052, at *2-*3 (E.D. Mich. Oct. 18, 2013) (Goldsmith, J., *adopting recommendation of* Hluchaniuk, M.J.) (denying Plaintiff's motion for attorney fees where Plaintiff's motion was not timely and plaintiff failed to put forth any "reason why equitable tolling would apply.").[3]

---

[3] Nor has Plaintiff's counsel shown excusable neglect.  *See*, *e.g.*, *Young v. Astrue*, No. CIV.A. 06-11821, 2012 WL 3816519, at *1 (E.D. Mich. June 27, 2012) ("time limits for attorney fee motions are not jurisdictional, and may be waived by a party or excused on a showing of excusable neglect.") (Whalen, M.J.), *report and*

10

### E. Conclusion

Plaintiff's counsel's request for Section 406(b) fees is untimely, and Plaintiff's counsel has not shown any entitlement to equitable tolling. Accordingly, the Court should **DENY** Plaintiff's motion for attorney fees pursuant to § 406(b) of the Social Security Act. (ECF 18.) Quite frankly, it is a bit baffling as to why the Commissioner is opposing the payment of a fee to which Plaintiff's counsel is otherwise entitled, but for the timing issue. It is also baffling as to why Plaintiff's counsel sat on his hands for so long. But, it was too long, and under this Court's rules, the motion should be denied.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

*recommendation adopted sub nom. Young v. Comm'r of Soc. Sec.*, No. 06-11821, 2012 WL 3815675 (E.D. Mich. Sept. 4, 2012) (Rosen, C.J.).

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 4, 2019         s/*Anthony P. Patti*
                               Anthony P. Patti
                               UNITED STATES MAGISTRATE JUDGE